798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert P. KESTNER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 85-5708.
 United States Court of Appeals,
Sixth Circuit.
 June 17, 1986.
 
 Before CONTIE and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Robert Kestner appeals from the decision of the district court affirming the Secretary's denial of Social Security disability benefits. Because the Secretary's decision is supported by substantial evidence, we affirm.
 
 I.
 
 2
 Robert Kestner filed an application for disability insurance benefits on November 3, 1978, alleging that he became unable to work on June 29, 1978, due to a back injury and asthma. After a hearing before Administrative Law Judge Knapp (ALJ) on July 19, 1979, the ALJ, in a written decision of August 17, 1979, found that Kestner was not disabled and recommended that benefits be denied. The Appeals Council declined to review the matter, and the ALJ's decision stood as the final action of the Secretary.
 
 
 3
 In October, 1979, Kestner filed an action in district court for review of the Secretary's decision. The court remanded the case to the Secretary for further administrative action because no physician had specifically stated that Kestner was capable of substantial gainful activity, while two physicians had stated that he was disabled. The Appeals Council then vacated its earlier denial of Kestner's request for review and remanded the case to another ALJ for further proceedings. After a hearing at which new evidence was presented, ALJ Lynch issued a decision on June 29, 1983, in which he found that Kestner was capable of performing sedentary work in a clean environment. Using 20 C.F.R. Part 404, Subpt. P, App. 2, Table No. 1, Rule 201.24 as a framework for decision, the ALJ concluded that Kestner was not disabled. The Appeals Council adopted the findings and conclusion of the ALJ.
 
 
 4
 The case was redocketed in the district court and, after receiving supplemental memoranda, the district court affirmed the decision of the Appeals Council. This appeal followed.
 
 
 5
 Appellant was born on December 24, 1946, and has a sixth grade education. His past work experience includes driving a coal truck for nine years, burnishing and cleaning truck beds, cleaning lids for a fabricating company, lifting heavy objects onto conveyors for a metal corporation, and working as a press operator for a plastics company. Kestner's work as a coal truck driver ended on June 29, 1978, when he was involved in an accident in which he injured his back.
 
 
 6
 On remand, the ALJ made the following findings:
 
 
 7
 1. The claimant met the special earnings requirements of the Act on June 29, 1978, the date the claimant stated he became unable to work, and continues to meet them through September 1983.
 
 
 8
 2. The claimant has not engaged in substantial gainful activity since June 29, 1978.
 
 
 9
 3. The medical evidence establishes that the claimant has severe impairments: mild chronic pulmonary disease and low back pathology resulting from a back injury, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
 
 
 10
 4. The objective medical evidence of record precludes the according of credibility to the claimant's allegations of pain and limitation of work-related functions.
 
 
 11
 5. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work, except for work in an unclean environment, work requiring frequent bending and lifting, and work requiring prolonged sitting or standing without an opportunity to change position (20 CFR 404.1545).
 
 
 12
 6. The claimant is unable to perform his past relevant work as a truck body cleaner and coal truck driver.
 
 
 13
 7. The claimant's residual functional capacity for sedentary work is reduced by the limitations noted in No. 5 supra.
 
 
 14
 8. The claimant is presently 36 years old, which is defined as a younger individual. (20 CFR 404.1563).
 
 
 15
 9. The claimant has a sixth grade education (20 CFR 404.1564).
 
 
 16
 10. The claimant does not have any acquired work skills which are transferable to other work (20 CFR 404.1568).
 
 
 17
 11. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work exprience, section 404.1569 and Rule 201.24, Table No . 1, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."
 
 
 18
 12. The claimant's capacity for performing a full range of sedentary work has not been significantly limited by his nonexertional limitations and using the above-cited Rule as a framework for decision, the claimant is not disabled.
 
 
 19
 13 . The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f) ).
 
 
 20
 Tr., 185-186.
 
 
 21
 On appeal, Kestner contends that the ALJ's findings are not supported by substantial evidence, and are not in accordance with the law. Following the seven-step analysis which this court mandated in Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984), Kestner contends that the Secretary did not carry its burden of proving that he could perform "other substantial gainful activity which exists in the national economy." Id.
 
 II.
 
 22
 The findings of the Secretary are conclusive if supported (85-5708) by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ' Garner, 745 F.2d at 388, quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). "Substantiality of the evidence must be based upon the-record taken as a whole." Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980).
 
 
 23
 While the claimant has the burden of proving disability, a prima facie case of disability is established by substantial evidence that the claimant cannot perform his past relevant employment. The ALJ in this case found that Kestner was unable to perform his past work. Thus, the burden shifted to the Secretary to show that there was work in the national economy that Kestner could perform. Id.; Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir.1978).
 
 
 24
 Where applicable, the Secretary may rely on the medical-vocational guidelines found at 20 C.F.R. Subpt. P, App. 2 ("the grid"), to satisfy the burden of proving that the claimant can perform specific jobs in the national economy. Richardson v. Secretary of Health & Human Services, 735 F.2d 962, 964 (6th Cir. 1984). Under the guidelines, the ALJ makes findings as to the claimant ' § residual functional capacity, as well as the claimant's vocational factors: age, education, and prior work experience. Where the ALJ's findings coincide with the criteria of a particular rule, the rule directs a conclusion as to whether the claimant is or is not disabled. Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 531 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983).
 
 
 25
 In this case, because of the presence of nonexertional limitations,[1] the ALJ used the guidelines only as a framework for his decision. Subpt.P, App. 2, Sec. 200.00(e)(2). Finding that Kestner's residual functional capacity for sedentary work was reduced by the limitations that he could not work in an unclean environment due to his asthma, and could not perform work requiring frequent bending and lifting, nor work requiring long periods of sitting or standing due to his back injury, the ALJ concluded that Kestner's capacity to perform a full range of sedentary work was not significantly limited by his nonexertional limitations, and, using Rule 20.124 of Table No. 1 of the guidelines as a framework, he was not disabled. (Tr., 186.)
 
 
 26
 The ALJ's findings as to Kestner's residual functional capacity and the vocational factors of age, education, and previous work experience are each supported by substantial evidence. See Kirk, 667 F.2d at 535. At the remand hearing held June 9, 1983, Dr. Thompson, the medical advisor to the ALJ, testified that he had studied the medical evidence in this case, as well as the transcript of the prior hearing, and that the objective medical evidence showed that Kestner has a chronic obstructive pulmonary disease and a back injury. After hearing the legal definitions of heavy, medium, light, and sedentary work, Dr. Thompson testified that it was "borderline" whether Kestner could perform light work, but that he was able to perform sedentary work, subject to the limitation that he work in a clean atmosphere. By a "clean atmosphere," he meant any kind of commercial environment as long as there was no painting, grinding metals, or burning torches. Dr. Thompson also testified that he did not think the objective medical evidence supported the opinions of Dr. Jurich and Dr. VanHoose that Kestner was totally and permanently disabled.
 
 
 27
 The new medical evidence consisted of a report by Dr. Waters, who examined Kestner on April 2, 1983. Kestner told Dr. Waters that he was able to lift forty pounds. Dr. Waters reported that Kestner had full range of motion in his spine, although he complained of pain with back flexion. He reported no detectable muscle spasm, no impairment in toe or heel walking, and no significant restriction in Kestner's tolerance for standing, walking, reaching, or sitting. Dr. Waters noted a mild limitation in Kestner's ability for stooping, bending, and lifting. He found Kestner's ability to do work-related activities was limited to sitting for two hours at a time, lifting twenty pounds once an hour, carrying twenty pounds, standing one hour at a time, bending over every half-hour, pushing and pulling twenty pounds, and a working environment free from dust, fumes and allergens.
 
 
 28
 There is substantial evidence supporting the ALJ's finding that Kestner was capable of doing sedentary work, subject to the conditions noted by the ALJ. Dr. Thompson's testimony and Dr. Waters' report provide ample support for this conclusion. Although Drs. Jurich and VanHoose, in the initial administrative proceeding in this case, opined that Kestner was "permanently and totally disabled" ' the ALJ is entitled to give more credence to reasoned and clinically supported medical evidence than to those conclusory letters. Houston v. Secretary of Health & Human Services, 736 F.2d 365, 367 (6th Cir.1984). Moreover, the ALJ was entitled to weigh the credibility of Kestner's testimony regarding his physical limitations against the objective medical evidence. Id. There is substantial evidence supporting the Secretary's finding that Kestner was capable of sedentary work, defined in the regulations as involving lifting of not more than ten pounds at a time, and occasional walking and standing. 20 C.F.R. Sec. 404.1567(a).
 
 
 29
 The ALJ's findings concerning Kestner's vocational factors are also supported by substantial evidence. The district court noted that, although it was not convinced that Kestner could be classified as "at least literate" under Rule 201.24 of App. 2, Subpt. P, under Rule 201.23, an unskilled, illiterate claimant of the same age would also be considered not disabled if capable of performing sedentary work.
 
 
 30
 Kestner argues that there was insufficient proof to allow the Secretary to rely on the guidelines of the grid to show the existence of employment in the economy which Kestner would be capable of performing. In Kirk, this court found that in order to preclude the use of the grid, "nonexertional limitations must be severe enough to restrict a full range of gainful employment at the designated level." 667 F.2d at 537. The decision in Kirk allowing reliance on the grid when a nonexertional limitation exists mandates that the ALJ make the threshhold determination of whether the nonexertional limitation is severe enough to restrict employment.opportunities in the full range of designated capacity. Here, there was sufficient evidence from Dr. Thompson and Dr. Waters which would support the ALJ's finding that the environmental restrictions were not severe, and did not limit Kestner's capability of performing a full range of sedentary work. Unlike Damron v. Secretary of Health & Human Services, 778 F.2d 279 (6th Cir.1985), here the ALJ gave considerable attention to the claimant's nonexertional limitations, and used the grid only as a framework for his decision, rather than relying on its rigid application. since the Secretary's decision that Kestner's nonexertional limitations did not significantly limit his ability to perform a full range of sedentary work was supported by substantial evidence, we affirm the judgment of the district court affirming the Secretary's finding of no disability.
 
 
 
 [1]
 The medical-vocational guidelines are predicated on the existence of exertional, or strength-related impairments. Therefore, where nonexertional impairments, such as those which "result solely in postural and manipulative limitations or environmental restrictions..., e.g., an inability to tolerate dust or fumes," App. 2, 200.00(e), are present in addition to strength impairments, the guidelines are to be used only as a framework