Edward **RICHARDSON,**
Plaintiff-Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant-Appellee.

No. 83–1161.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1984.

Decided May 18, 1984.

As Amended June 22, 1984.

Neil A. Miller (argued), Schefman & Miller, Detroit, Mich., for plaintiff-appellant.

Leonard R. Gilman, U.S. Atty., Detroit, Mich., Carolyn Bell Harbin, Asst. U.S. Atty., Detroit, Mich. (argued), for defendant-appellee.

Before EDWARDS and JONES, Circuit Judges, and GIBSON, District Judge.[*]

PER CURIAM.

This case is before the Court upon Edward Richardson's appeal from the district court's order affirming the Secretary's decision to deny disability benefits. Because we believe the Secretary's decision is not supported by substantial evidence we vacate the district court's order and remand with instructions to award benefits for the closed period ending on September 15, 1982.

Richardson was born June 20, 1926, and has a fourth grade education. He has held several jobs during his life, but only the work done in the fifteen years prior to his application for benefits is relevant to this appeal. 20 C.F.R. § 404.1565(a). During this period Richardson worked for one year in 1967 for the Detroit Department of Parks and Recreation, a position in which he picked up paper and debris. From 1968–1980, Richardson worked as a torch welder for the Chevrolet Motor Company. This position required him to lift discs and drums and weld them onto axles. He thus acquired the ability to use welding equipment.

Richardson left work on October 24, 1979, when he suffered a mild stroke. He was hospitalized for about two weeks and after being discharged, he discovered about a week later that he had diabetes. Being unable to return to work because of these and other physical problems, Richardson filed an application for disability insurance benefits on April 14, 1980. He alleged disability commencing on October 24, 1979, due to stroke, diabetes, hypertension and respiratory problems. After hearing the testimony of Richardson and a vocational expert and reviewing the medical evidence, the ALJ concluded that Richardson suffered from chronic lumbar myositis, chronic cervical strain, controlled hypertension, controlled diabetes, arthritis of the spine, pulmonary disease, chest pain of unknown origin, anxiety reaction and exogenous obesity. The ALJ further concluded that these impairments prevented Richardson from returning to his past relevant work as a torch welder, but that he retained the residual functional capacity for sedentary work. Finally, the ALJ found that Richardson's work as a welder had imparted transferable skills and that, therefore, pursuant to the medical-vocational guidelines, specifically 20 C.F.R. Subpart P, Appendix 2, Table 1, Rule 201.03, he was not disabled.

Appellate review of the Secretary's decisions is limited to determining whether there is substantial evidence on the record as a whole to support the findings. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The requirement is not that there be "simply some evidence, or a great deal of evidence. Rather, the 'substantiality of the evidence must take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Secretary*, 577 F.2d 383, (6th

[*] The Honorable Benjamin F. Gibson, United States District Court, for the Western District of Michigan, sitting by designation.

Cir.1978); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

■ Furthermore, it is well settled that after a claimant has presented a prima facie case of total and permanent disability for his/her usual job, the burden shifts to the government to go forward with proof that the claimant has the residual capacity for substantial gainful employment. *Noe v. Weinberger*, 512 F.2d 588 (6th Cir.1975). While a vocational expert is not required, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform *specific* jobs" is needed to meet the burden. *O'Banner v. Secretary*, 587 F.2d 321 (6th Cir.1978). (emphasis added). Where applicable, however, the Secretary may rely on the medical-vocational guidelines found at 20 C.F.R. Subpart P, Appendix II, to satisfy its burden of proving that the claimant can perform specific jobs in the national economy. *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Kirk v. Secretary*, 667 F.2d 524 (6th Cir.1981), *cert. denied*, —— U.S. ——, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). The scope of our review on this issue requires that there be more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *Id.* at 323.

■ Richardson argues, inter alia, that the Secretary's determination that his past relevant work had imparted transferable skills was not supported by substantial evidence. Thus the Secretary's reliance on Rule 201.03 of the guidelines was misplaced. Instead the Secretary should have applied Rule 201.02 which would have directed a conclusion that Richardson was disabled. We agree.

Richardson and the Secretary place primary emphasis on determining whether his past relevant work as a welder was semi-skilled or unskilled. What is important, however, is whether that work, semi-skilled or otherwise, imparted skills that were directly transferable to other sedentary work. *See Blake v. Secretary*, 528 F.Supp.

881, 884 (E.D.Mich.1981). Under Rule 201.-02, a person of advanced age and limited education or less who is limited to sedentary work is considered disabled even if his prior work experience is semi-skilled if there were no transferable skills. Indeed, a person who fits this criteria is presumed disabled unless he has a "particularly transferable skill" or "substantial vocational asset." *Id. Accord Weaver v. Secretary*, 722 F.2d 310, 312 (6th Cir.1983). Rule 201.00(f) imposes the additional requirement upon the Secretary to show that Richardson has skills that are directly transferable to other sedentary work such that "very little, if any, vocational adjustment [is] required in terms of tools, work processes, or the industry."

As in *Weaver, supra*, neither the ALJ or the vocational expert made any showing that Richardson would be able to do other sedentary work with very little vocational adjustment. The vocational expert merely testified that Richardson's transferable "skills" consisted of the ability to maintain a production standard and the ability to use hand tools. These, however, are aptitudes rather than skills because they refer to Richardson's natural talents of learning and self-motivation instead of a particular learned ability to do a specific job. *Weaver, supra* at 311–12. There is nothing to indicate that Richardson has any "substantial vocational assets" or "particularly transferble *skills*", thus the Secretary has not discharged its burden of proving that Richardson has the residual capacity for substantial gainful employment. In fact, application of the appropriate rule under the medical-vocational guidelines, Rule 201.02, requires a finding that Richardson is disabled. Accordingly, the district courts' order affirming the Secretary's denial of benefits is hereby VACATED and this matter is REMANDED with directions to award benefits for the closed period beginning October 24, 1979, and ending September 15, 1982.