765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT RAMSDELL, PLAINTIFF-APPELLANT,
v.
MARGARET HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 83-3904
 United States Court of Appeals, Sixth Circuit.
 5/2/85
 
 ORDER
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; TIMBERS, Senior Circuit Judge.*
 
 
 1
 Plaintiff has appealed from the district court's order affirming the Secretary's denial of Social Security disability benefits. Plaintiff is 40 years old with a twelfth grade education. He has past work experience as a forklift operator, milk hauler and materials handler. Plaintiff alleges disability due to psychological problems and back pain. His application for disability was denied initially and on reconsideration. On June 16, 1981, plaintiff was granted a hearing before an Administrative Law Judge (ALJ). The ALJ determined that plaintiff suffered from lumbrosacral strain and depression. However, he found that plaintiff's pain was not of sufficient severity as to be incapacitating and plaintiff's impairment did not significantly limit his physical abilities to do basic work activities. See 20 C.F.R. Sec. 404.1521(a). The ALJ concluded that plaintiff did not have a severe impairment and therefore was not disabled. The Secretary's decision was affirmed by the district court.
 
 
 2
 Appellate review of the Secretary's decision to deny benefits is limited to determining whether there is substantial evidence on the record as a whole to support the findings. Richardson v. Perales, 402 U.S. 389 (1971). In making this determination, the court must take into account whatever in the record fairly detracts from its weight. Richardson v. Secretary of Health and Human Services, 735 F.2d 962 (6th Cir. 1984). The burden is on the claimant to establish that he suffers from a disability as defined in the act. Barney v. Secretary of Health and Human Services, 743 F.2d 448 (6th Cir. 1984). A disability is defined as a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. Sec. 423(d)(1)(A). An individual is disabled only if his physical or mental impairments are of such severity that he is unable to engage in his previous work or any other work which exists in the national economy. 42 U.S.C. Sec. 423(d)(2)(A). In plaintiff's original application there was no claim of psychiatric impairment. At the hearing plaintiff alleged he was disabled due to back problems and a mild psychiatric impairment. Plaintiff testified at the hearing that he was depressed and short-tempered with his family. On appeal plaintiff relies exclusively on a psychiatric impairment based on a post-hearing report filed on August 9, 1981, by Dr. Evan Halas.
 
 
 3
 Plaintiff argues on appeal that the ALJ's decision was not supported by substantial evidence. Plaintiff claims he was disabled due to psychological disorders, relying on Dr. Halas's opinion that he was totally disabled. Plaintiff argues that Dr. Halas's conclusion was binding on the ALJ because it was not contradicted by any other medical evidence. However, only the Secretary can make a disability determination. King v. Heckler, 742 F.2d 968 (6th Cir. 1984); see 20 C.F.R. Sec. 404.1527. The ALJ is not bound by a physician's conclusion of disability, although a medical opinion must be accorded deference. King v. Heckler, supra. Dr. Halas's report stated that plaintiff suffered from a personality disorder and recommended treatment in a rehabilitation program. However, Dr. Halas also stated that plaintiff's physical disability appeared to be his primary handicap and he tended to exaggerate his illness. Dr. Morrissey's report also stated that plaintiff had a problem personality, but that this problem should not prevent plaintiff from engaging in employment. The ALJ was entitled to resolve the apparent conflict between these reports against a finding of disability.
 
 
 4
 We find that the district court did not err in affirming the Secretary's decision. Therefore, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable William H. Timbers, Senior Judge for the United States Court of Appeals for the Second Circuit, sitting by designation