798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George D. BLISS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-1395
 United States Court of Appeals,
Sixth Circuit.
 July 2, 1986
 
 Before JONES and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 George Bliss appeals the district court's Summary judgment affirming the Secretary's decision to deny Bliss's application for disability benefits. The sole issue presented in this appeal centers on the Secretary's conclusion that Bliss possessed certain "transferable skills" to perform sedentary work in the national economy despite the fact that his disability prevented him from returning to his past work. After a thorough review and consideration of the record, we agree with Bliss that the Secretary did not satisfy his burden of proving that Bliss had transferable skills, and we reverse and remand for the award of benefits.
 
 
 2
 Bliss was born on March 8, 1927 and under the Social Security regulations, he is considered of "advanced age." 20 C.F.R. Sec. 404.1563(d) (1985). He is a high school graduate who also served a four-year electrician apprenticeship following his graduation. For his is entire Working life, he has been a journeyman electrician. During the ten years prior to the onset of his disability, he was employed as a construction electrician at Wayne State University handling equipment and power distribution from the powerhouse. According to Bliss, he read blueprints and layouts, wired machinery and equipment, ordered materials and tools needed to install the equipment, operated the equipment, wired new buildings and rewired old buildings.
 
 
 3
 Bliss has not worked since May 19, 1981 when he suffered a back injury during the performance of his work duties. He subsequently filed an application for disability benefits on April 28, 1982. The Administrative Law Judge (ALJ) conducted a hearing at which, in addition to hearing evidence concerning Bliss's physical ailments, he heard testimony from a vocational expert concerning Bliss's work experience. The vocational expert found that Bliss's past relevant work was skilled and heavy. He described the skills obtained by Bliss as follows:
 
 
 4
 The skills involve both--of certain physical principles having to do with electrician, he reads blueprints,--layout and on his previous job, he ordered materials,--in both written and verbal instructions, worked essentially in the top twenty per cent of the reports.--independent activities--to a whole--of apptitudes. One can expect that he would be in the top twenty per cent, and he had to--from that area with both simple and sophisticated tools and instruments, particularly gages.
 
 
 5
 He also testified that these skills were transferable to sedentary jobs such as assembly work, processing work and repair work in the electrical field. Such sedentary jobs, as fixing "toasters and--small appliances like that," numbered about twelve hundred in the local job market.
 
 
 6
 Based on the evidence submitted, the ALJ determined that Bliss suffered from a severe impairment that precluded him from performing his past relevant work. The ALJ, however, relied on the vocational expert's testimony and determined that "Bliss acquired skills in his past work that was [sic] transferable to sedentary jobs which exist in significant numbers" in the local job market area. The ALJ then concluded that Bliss was not disabled under Rule 201.07, Table 1, of the medical vocational guidelines in Appendix 2, Subpart P, and accordingly denied his application for disability benefits.
 
 
 7
 The question presented for our review is not an entirely novel one. There have been Sec. $a number of cases decided in this circuit dealing with the subject of transferability of skills. See Ellington v. Secretary of Health and Human Services, 738 F.2d 159 (6th Cir. 1984); Richardson v. Secretary of Health and Human Services, 735 F.2d 962 (6th Cir. 1984); Weaver v. Secretary of Health and Human Services, 722 F.2d 310 (6th Cir. 1983); Blake v. Secretary, 528 F. Supp. 881 (E.D. Mich. 1981). Under this line of cases, the Secretary is required to make two separate showings before he can find, that a person of advanced age possesses the transferable skills necessary to support a finding of not disabled. Not only must he show that the claimant has Sec. skills directly transferable to sedentary work, but he must also show that these skills are directly transferable within the meaning of Rule 201.00(f), 20 C.F.R. Subpart P., Appendix 2. Richardson, 735 F.2d at 964; Weaver, 722 F.2d at 312. Under that rule in "order to find transferability of skills to skilled sedentary work for individuals of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry."
 
 
 8
 In this case, as in both Richardson and Weaver, neither the vocational expert or the ALJ made the required Rule 201.00(f) showing. In Richardson and Weaver the court found the lack of this showing critical, and reversed and remanded for the award of benefits. In both cases, the vocational expert and the ALJ confused the semi-skilled claimants' aptitudes with actual skins in finding that the claimants possessed transferable skills. Although the skills possessed by Bliss differs qualitatively from the aptitudes possessed by the semi-skilled claimants in those cases, we believe the lack of the Rule 201.00(f) showing in this case is similarly critical on the facts of this case and demands that we reverse and remand.
 
 
 9
 We first pass on the question of whether the skills learned by Bliss are directly transferable to the jobs envisioned by the ALJ. Of the skills Bliss possesses, the ability to read blueprints and to use certain electrician tools are skills that arguably are transferable to the new jobs. But we can not agree that a man of advanced age who has performed heavy construction work most of his life can now be expected to repair toasters without a severe and dramatic vocational adjustment. By its very nature, heavy construction electrical work involves the use of entirely different processes and is performed in an entirely different setting. Bliss testified that he was responsible for wiring and running power through buildings, and the vocational expert testified that this work was heavy. For us to now hold that this person of advanced age can now make an easy transition to performing a new kind of electrical work such as repairing small appliances would be contrary to the purpose of Rule 201.00(f).
 
 
 10
 Accordingly, the judgment of the district court affirming the Secretary's decision is REVERSED and REMANDED with instructions to award benefits.