817 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert HACKER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 86-2061.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1987.
 
 Before MERRITT, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals the district court's order affirming the secretary's denial of Social Security Disability benefits. Although the Secretary prevailed below, he now moves to remand this matter for further development of vocational evidence. The plaintiff has filed a response.
 
 
 2
 An Administrative Law Judge originally found that the plaintiff is capable of performing light work, has skills transferable to light work, and therefore is not disabled. Upon review, the Magistrate concluded that the Administrative Law Judge's finding that the plaintiff has transferable skills was not supported by any evidence in the record, noted that without transferable skills the plaintiff would be considered disabled under the regulations, and recommended remand to the Secretary for further vocational evidence. The plaintiff objected, arguing that because the Secretary failed to prove that he has residual capacity for substantial gainful employment, the appropriate remedy was to award the plaintiff benefits. In response .to the plaintiff's objections, the district court granted the Secretary's motion for summary judgment.
 
 
 3
 The plaintiff correctly notes that "after a claimant has presented a prima facie case of total and permanent disability for his/her usual job, the burden shifts to the government to go forward with proof that the claimant has the residual capacity for substantial gainful employment." Richardson v. Secretary of Health and Human Services, 735 F.2d 962, 964 (6th Cir. 1984). If the Secretary fails to meet this burden, the court normally remands the case with instructions to award benefits. See id. In the instant case, however, the plaintiff agreed to proceed without vocational testimony at the hearing and agreed to the ALJ's determining whether the plaintiff has transferable skills based only upon the testimony of the plaintiff. The plaintiff therefore will not be heard to complain that there was not sufficient vocational evidence, and the Secretary's motion will be granted.
 
 
 4
 It is ORDERED that the motion to remand is granted. The district court's order is vacated and this action is remanded to the district court with instructions to remand to the Secretary for further development of vocational evidence.