829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman V. BROWN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-3886
 United States Court of Appeals, Sixth Circuit.
 September 16, 1987.
 
 Before ENGEL, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 
 1
 Plaintiff-appellant Brown appeals the district court order granting the Secretary's motion for summary judgment, which effectively denied Brown's claim for disability insurance benefits and supplemental security income.
 
 
 2
 Medical evidence relied upon by Brown and not disputed by the Secretary shows that he suffers an exertional impairment due to the amputation of three fingers on his right hand following an industrial accident, and a nonexertional limitation for that same hand based on inability to grasp objects or perform fine manipulations. Brown also complains of pain in his upper extremities, severe upper back and shoulder pain, lower extremity weakness and numbness, a complete loss of manual speed and dexterity for both hands, and post-traumatic stress and generalized anxiety syndrome. Some impairment is related to the amputation performed on his right hand. Medical reports show that Brown suffers from causalgia, a burning pain due to injury of peripheral nerves, and from Reynaud's syndrome, a condition of intermittent attacks of severe pallor of the fingers or toes.
 
 
 3
 Under 42 U.S.C. Sec. 423(d)(2)(A), a person is totally disabled if he is unable to do his previous work and is unable 'considering his age, education, and work experience, [to] engage in any other kind if substantial gainful work which exists in the national economy.' See also 20 C.F.R. Sec. 404.1501 Appendix II. At the time of hearing before the Administrative Law Judge (ALJ), Brown was fifty-two years old and living alone. He had eight years of institutional education and had received a Graduate Equivalency Diploma (GED).
 
 
 4
 The ALJ found that Brown suffers a 'severe impairment' under 20 C.F.R. Sec. 404.1520(c), which causes weakness in his right upper extremity and a decrease in ability to lift substantial weights. He also found that Brown does not retain the residual functional capacity to perform his past work as a die setter and his work skills therefrom are not transferable. However, the ALJ concluded that Brown's abilities to sit, stand, and walk are not significantly limited, and that he retains the capacity to perform light work.
 
 
 5
 The Secretary has the burden of establishing a claimant's residual capacity to perform substantial gainful activity. Richardson v. Secretary of Health & Human Services, 735 F.2d 962, 964 (6th Cir. 1984); O'Banner v. Secretary of Health, Education and Welfare, 587 F.2d 321, 322 (6th Cir. 1978). That conclusion must be supported by substantial evidence, which has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). Substantiality must also be based upon the record taken as a whole. Shelman v. Heckler, 821 F.2d 316, 320 (6th Cir. 1987); Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984). Upon review of the record as a whole, we conclude that the evidence fell far short of that necessary to support the Secretary's finding of residual functional capacity to perform light work.
 
 
 6
 The Secretary relies on several medical reports and on the ALJ's credibility determinations to assert that Brown is capable of performing light work. However, none of the medical evidence contradicts Brown's testimony that he suffers from pain and non-exertional limitations in upper and lower extremities on both sides. Indeed, overwhelming and uncontradicted medical evidence exists that Brown suffers weakness and numbness in both upper extremities, that he suffers from back pain which is somewhat diminished by TENS treatment, and that he has severely diminished capacity to manipulate fine objects or otherwise use his hands for extended periods of time.[1] Not one doctor, including those relied on by the Secretary, stated a belief that Brown is capable of even light work and several concluded that he is totally disabled. 'The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference.' Harris v. Heckler, 756 431, 435 (6th Cir. 1985) (quoting King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984)). Given the overwhelming medical evidence as to Brown's condition, the Secretary's conclusion that he retains the residual functional capacity for light work is simply unsupported.
 
 
 7
 The Secretary also relies on a vocational expert's testimony that light work is available, which is capable of being performed by someone with one functional limb. In posing a hypothetical question to the expert, the ALJ included only the absence of three fingers on the right hand as a limitation, i.e. none of the other limitations reflected by the medical evidence. Particularly, the hypethetical question totally ignores the highly credible and essentially undisputed evidence of Brown's diminished capacity to employ his left hand in a normal and useful manner. See supra note 1. That question therefore did not accurately reflect claimant's medical condition, and the vocational expert's response thus does not suffice to support the Secretary's determination that Mr. Brown can engage in substantial gainful work available in the national economy.
 
 
 8
 Finally, we note Mr. Brown's admitted lack of transferable skills from his previous employment, his closely advancing age, and his limited formal educational experience, which in our view further restrict his ability to find or perform gainful employment.
 
 
 9
 Therefore, based on the Secretary's failure to be show by substantial evidence that Mr. Brown has the residual functional capacity to perform light work and may obtain gainful employment, we VACATE the judgment of the district court and REMAND the case with instructions to remand to the Secretary for an award of disability benefits.
 
 
 
 [1]
 Dr. Navarre, who performed stellate ganglion blocks on Mr. Brown in April and May 1982 and a right transthoracic sympathectomy in June 1982, concluded that these procedures initially improved Mr. Brown's numbness and weakness in his right hand. However, in October 1982, he reported that Mr. Brown was experiencing increasing weakness in both upper extremities, and referred Mr. Brown to a neurologist for consultation. In April 1983, Dr. Navarre concluded that Mr. Brown
 will have difficulties in the future doing any type of work that requires extended use of the hands, particularly if he is going to be exposed to changes in temperature. I do not think the situation is going to be improved. I think most likely this patient is going to have a permanent disability from his problem that was aggravated by his trauma.
 Tr. 199. Dr. Dorfman found weakness of Mr. Brown's right arm and coldness of the right stump and little finger on the right hand as well as coldness of the entire left hand. His impression was that Mr. Brown suffered from 'Post-traumatic amputation of the second, third and fourth fingers of the right hand with post-thoracic sympathectomy and coldness of both hands, pain and numbness in the right shoulder, at times, and coldness of the feet.' Tr. 160-61. Dr. Muehleisen, who evaluated Mr. Brown's manual speed and dexterity, found that his performance in manipulating discs was 'exceedingly sluggish with either hand, falling below the first percentile in both cases.' He concluded that '[i]n most mechanical assembly/disassembly kinds of tasks where the claimant would be required to manipulate nuts and bolts. . . . Mr. Brown can be expected to exhibit substantial impairment in his rate of manipulation and ability to assemble/disassemble.' Tr. 187. All of the medical reports indicated that Mr. Brown's dexterity in both hands is severely limited and that he suffers from some pain in weakness in his back and lower limbs.