836 F.2d 1348
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Geraldine JACOBS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-5348.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1987.
 
 Before KEITH, MILBURN and DAVID A. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ms. Geraldine Jacobs appeals the summary judgment affirming the Secretary's denial of Social Security benefits. For the reasons set forth below, we REMAND the case back to the Secretary for a factual determination of exactly what level of work appellant is capable of performing.
 
 I.
 
 2
 Ms. Jacobs filed applications for disability insurance benefits and Supplemental Security Income benefits on June 16, 1983, alleging May, 1983 as her onset date of disability. These applications were denied initially; appellant did not request reconsideration.
 
 
 3
 Appellant filed a second set of applications on October 24, 1983, for the same benefits, and alleging the onset of disability date. This second set of applications was denied initially on November 4, 1983, and upon reconsideration on March 20, 1984. Ms. Jacobs filed a request for a hearing, which took place on July 5, 1984. The administrative law judge ("ALJ") found that appellant was not disabled, and that she could return to her past relevant work. The Appeals Council denied a request to review the decision of the ALJ, and it became the final decision of the Secretary.
 
 
 4
 Appellant then filed a timely complaint for review of the ALJ's decision in the United States District Court for the Eastern District of Kentucky. The United States Magistrate recommended that the Secretary's decision be affirmed on January 7, 1986. Appellant filed objections to the magistrate's report and recommendation. On January 27, 1986 the district court overruled appellant's objections and adopted the magistrate's recommendations, affirming the decision of the Secretary. This appeal followed.
 
 II.
 
 5
 Ms. Jacobs was born on January 26, 1934, and was fifty years old at the time of the administrative hearing. She has a tenth grade education. Prior to her disability onset date, she had worked as a creme horn roller in a pie factory, a poultry farm attendant, a metal press operator in a factory, and a restaurant cook. The ALJ found that Ms. Jacobs was: 1) a "person approaching advanced age," 20 C.F.R. section 404.1563(c) and section 416.963(c) (1987); 2) of "limited education," 20 C.F.R. section 404.1564(b)(3) and section 416.964(b)(3) (1987); and 3) one whose previous work had been semi-skilled and typically light to medium, 20 C.F.R. section 404.1567(b) and (c), and section 416.967(b) and (c) (1987).
 
 
 6
 Appellant alleges that she became disabled in May, 1983, at age forty-nine due to arthritis, hypertension and low potassium. She is five feet one or two inches tall, and weighs approximately 250 pounds. The ALJ found that plaintiff's weight is "probably 'severe' but remediable and thus nondisabling." Ms. Jacobs claims that she meets the conditions set forth for disability in 20 C.F.R. Part 404, Subpart P, App. I, section 10.10 and Table II (1987). These regulations provide, in relevant part:
 
 
 7
 Obesity. Weight equal to or greater than the values specified in ... Table II for females (100 percent above desired level) and one of the following:
 
 
 8
 A. History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with X-ray evidence of arthritis in a weight bearing joint or spine; OR
 
 
 9
 B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with approximate size cuff ...
 
 
 10
 Table II, as referenced above, provides that a person of Ms. Jacobs' height meets the requirements for obesity if she weights between 236 and 242 pounds. Since there is no dispute that Ms. Jacobs' weight satisfies this requirement, the crux of her appeal turns upon whether her arthritis or hypertension is sufficiently disabling to meet the requirements of subsection A or B above.
 
 
 11
 The burden of proof in a social security disability case rests with the plaintiff to establish a medically-determinable physical or mental impairment that precludes performance of plaintiff's past relevant work and that meets the duration requirement of the Social Security Act. Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir.1984); Richardson v. Secretary of Health & Human Services, 735 F.2d 962, 964 (6th Cir.1984). The scope of our review is limited to determining whether the findings of the Secretary are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971).
 
 
 12
 The medical evidence presented by the appellant shows that from February, 1983 to March, 1984, appellant's weight fluctuated from 251 3/4 pounds to 268 1/4 pounds. She was diagnosed with mild osteoarthritis in her ankles, but consulting physicians found a normal range of motion and no difficulty in ambulation. Physicians also found that she had "uncontrolled hypertension." Ms. Jacobs' blood pressure during the relevant period was 150/80 in May, 1983; 148/104 in June of 1983; 160/110 in February, 1984; and 130/100 in March, 1984. One of the physicians suggested that appellant should "seriously consider a gradual self-imposed diet and a weight reduction plan," which would "do much to ameliorate" her hypertension.
 
 
 13
 On the facts before us, we agree that Ms. Jacobs' ailments are not disabling. First, while physicians detected the presence of arthritis, they agreed that appellant had a normal range of motion in the joints affected by the arthritis. There is therefore insufficient evidence to establish a "limitation of motion" under subsection A of section 10.10 above. Second, as to Ms. Jacobs' hypertension, subsection B of section 10.10 provides that a claimant must have hypertension with blood pressure persistently in excess of 100 mm. Hg. It is unlikely that Ms. Jacobs' blood pressure readings meet that requirement: although three of four readings during the relevant time period reached 100 mm. Hg, there was evidence to show that the reason for the elevated readings was that Ms. Jacobs failed to take the medication prescribed to alleviate her hypertension. Moreover, her treating physicians indicated that weight loss would positively affect her hypertension, and they placed no work-related restrictions on her. Thus, there is substantial evidence to support the district court's findings that Ms. Jacobs' hypertension and arthritis do not meet the requirements set out in 20 C.F.R. Part 404, Subpart P, App. I, section 10.10(A) and (B).
 
 
 14
 Our review does not end here, however. One consulting physician, Dr. Weeks, indicated that Ms. Jacobs is able to stand for no more than four hours at a time. Yet, in spite of that four-hour restriction, the ALJ found that Ms. Jacobs could perform "medium work." According to the Social Security regulations, "medium work" is defined as:
 
 
 15
 "involv[ing] lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."
 
 
 16
 20 C.F.R. section 404.1567(c). Light work "requires a good deal of walking or standing." 20 C.F.R. section 404.1567(b). Social Security Ruling 83-10 indicates that "a full range of medium work requires standing or walking, off and on, for a total of approximately six hours in an eight-hour workday." Thus, it appears that, if one takes seriously Dr. Weeks' opinion that Ms. Jacobs is cable of standing for no more than four hours at a time, certain types of "medium" work--and possibly even "light" work--may be too strenuous for her. Unfortunately, there is cant evidence in the record as to the level of work Ms. Jacobs is actually capable of pursuing.
 
 III.
 
 17
 Given this inconsistency in the record and decision before us, we therefore REMAND the case to the Secretary with instructions to make factual findings on the types and level of work Ms. Jacobs is capable of performing. We express no opinion as to the validity of Ms. Jacobs' claim that she would qualify as disabled if she were limited to less rigorous work under 20 C.F.R. Part 404, Subpart P, App. I, section 201.10. That calculation we leave to the Secretary, and is contingent upon the factual findings relating to the level of work for which Ms. Jacobs is suited.
 
 
 18
 Accordingly, this case is REMANDED to the Secretary for proceedings not inconsistent with this opinion.