880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Florence CURTIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1773.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Florence Curtis, appeals the Secretary's denial of Social Security disability benefits. She contends that substantial evidence does not support the decision of the Administrative Law Judge (ALJ) because (1) the ALJ mechanically applied the age category under the medical-vocational guidelines (the "grids") in a borderline case; and (2) the use of the grids was inappropriate because her nonexertional limitations restricted her from performing a full range of sedentary work. Although we find no merit to plaintiff's first argument, we agree that substantial evidence does not support the ALJ's use of the grids in light of her nonexertional limitations. For the following reasons, we reverse the District Court's summary judgment and remand this case to the Secretary for further proceedings.
 
 I.
 
 2
 Florence Curtis last worked as an assembler in 1973, and was granted disability benefits in 1976. On October 14, 1983, an ALJ affirmed the termination of these benefits as of the end of November 1982; plaintiff did not appeal that decision. On May 5, 1986, Curtis filed the current application for benefits, alleging disability as of December 1, 1982, because of chest pains, rash, arm and leg pain, and headaches. The Secretary denied benefits.
 
 
 3
 On July 24, 1987, following an administrative hearing, the ALJ found that plaintiff's disability prior to October 14, 1983, was res judicata because she did not appeal the earlier ALJ's decision. The ALJ also determined that her insured status expired on March 31, 1984. To qualify for benefits, the relevant time period was therefore October 1983 through March 1984.
 
 
 4
 Plaintiff was born on March 6, 1934, and has an eleventh grade education. She testified that because of the residual effects of a 1977 mastectomy, she cannot work due to arm swelling, rashes, and neck and shoulder pain. The medical evidence, summarized by the Secretary's medical advisor, is not disputed by the parties:
 
 
 5
 The claimant has had two cervical laminectomies for herniated intervertebral discs ... involving the left arm. She had a carcinoma of the right breast treated with radical mastectomy in 1977. Since that time she has had swelling of the right arm due to disruption of the lymph flow through the axilla following the operation.
 
 
 6
 Since the swelling of the right arm has persisted for almost ten years, it is unlikely that it will resolve. The pain in the neck radiating down the left arm, having persisted for an even longer period, also is unlikely to resolve. There are essentially no conflicts in the medical reports.
 
 
 7
 According to a recent consultative examination, the patient complains of "constant pain in both lower extremities and both arms from the elbow to the shoulder with more significant pain on the right side." There is no explanation for the claimant's back pain. There are no neurologic findings on the present examination to explain the pain in the left arm. However, the persistent swelling of the right arm would explain the pain in that area.
 
 
 8
 [T]hese impairments do not meet or equal any of the Medical Listings [1.05(C) & 13.09, 20 C.F.R., Part 404, Subpart P, Appendix 1] published by the Secretary.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 The claimant's ability to stand, walk and sit are unimpaired. Because of the massive edema of the right arm, her lifting should be done with the left arm and probably should not be above 10 lbs. Motions of the right shoulder and elbow should be limited. However, it appears that fine and gross manipulations of the right hand and left hand are intact. Because of the cervical fusion and persistent pain in the neck, she should not be required to frequently turn her neck from side to side.
 
 
 12
 Dr. Lewis response to ALJ's written interrogatories, JA 401-02 (questions omitted; emphasis added).
 
 
 13
 The ALJ applied the five-step sequential procedure to determine whether claimant was disabled. 20 C.F.R. Sec. 404.1520. He found that she suffers from a severe impairment and cannot perform her past relevant work as an assembler, but retains the residual functional capacity to perform sedentary work, "except for work requiring significant lifting with the right dominant extremity or work requiring the claimant to frequently to [sic] turn her neck to side to side." JA 18.
 
 
 14
 The ALJ then applied Rule 201.19 of the grids, 20 C.F.R. Part 404, Subpart P, Appendix 1, to conclude that Curtis was not disabled during the relevant time period. The use of Rule 201.19 was based on the ALJ's factual findings that (1) Curtis' residual functional capacity was at the "sedentary" physical exertion level (under 10 lbs.); (2) her age category was "younger person" (under age 50), although she was 36 days short of her 50th birthday when her insured status expired; and (3) her 11th grade education placed her in the "limited" category (7th through 11th grade). Rule 201.19 directs a finding of "not disabled" for a claimant with these characteristics.
 
 
 15
 Plaintiff then appealed to the District Court, which referred the case to a Magistrate. The Magistrate agreed with plaintiff's contentions that the ALJ improperly used the grids by mechanically applying the age category for a younger person, and in concluding that she could perform a full range of sedentary activities without the testimony of a vocational expert. The District Court, however, found that,
 
 
 16
 Contrary to the findings of the magistrate, the record indicates that the [ALJ] did recognize and weigh plaintiff's inability to perform work requiring significant lifting with the right arm or requiring frequent turning of the head from side to side. As stated by the defense, "He found that those limitations were not significant enough to render inaccurate the determination suggested by the grids."
 
 
 17
 District Court Summary Judgment for Defendant, at 1-2.
 
 
 18
 On appeal to this Court, plaintiff advances the same arguments that she made to the District Court, and does not dispute the ALJ's underlying factual findings.
 
 II.
 A.
 
 19
 Plaintiff first contends that the ALJ committed error by mechanically applying the "younger individual" (under age 50) category under the grid, Rule 201.19, even though Curtis was only 36 days short of her fiftieth birthday when her insured status expired. If Curtis had been fifty years old, the grid would direct a finding of "disabled" under the "person approaching advanced age" category (ages 50-54). 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.10.
 
 
 20
 In general, "the claimant's age as of the time of the [ALJ's] decision governs in applying the regulations." Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 780 (6th Cir.1987). In the present case, however, plaintiff's insured status expired on March 31, 1984, and is the critical date for determining her age. On that date, she was 49 years old; 36 days short of her fiftieth birthday.
 
 
 21
 We cannot accept plaintiff's argument that the ALJ erred in applying the "younger person" criterion. This Court has explained that,
 
 
 22
 The fact that age categories are not to be applied mechanically ... obviously does not mean that a claimant must be moved mechanically to the next age category whenever his chronological age is close to that category.
 
 
 23
 Crady v. Secretary of Health & Human Servs., 835 F.2d 617, 622 (6th Cir.1987). In the present case, plaintiff has advanced no reason why the ALJ should have moved her to the next age category other than that she was almost 50 when her insured status expired.
 
 
 24
 Indeed, it would have been more mechanical to have moved Curtis to the "person approaching advanced age" category. As the District Court has noted, and neither side disputes, "[t]he critical time period in determining plaintiff's condition and ability to work [was] October 14, 1983, to March 31, 1984...." During this entire time period, plaintiff was 49 years old. It was therefore eminently reasonable to apply the "younger person" rule. We are not presented with a more difficult situation in which, if the ALJ had handed down his decision 366 days later, a different rule would have applied mandating a finding of "disabled."
 
 B.
 
 25
 Plaintiff next argues that the ALJ's use of the grid was inappropriate because her nonexertional limitations prevented her from performing a full range of sedentary activities. We agree.
 
 
 26
 After Curtis established that she could not perform her past relevant work, the burden of proof shifted to the Secretary to establish that she retained the residual functional capacity to perform "substantial gainful activity in the national economy." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 528 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983); Cole v. Secretary of Health & Human Servs., 820 F.2d 768, 771 (6th Cir.1987). Substantial evidence must support the ALJ's finding that the claimant has the residual functional capacity to perform specific jobs. See Cole, 820 F.2d at 771; Richardson v. Secretary of Health & Human Servs., 735 F.2d 962, 964 (6th Cir.1984) (per curiam).
 
 
 27
 In the absence of nonexertional limitations that significantly limit the range of work permitted by a claimant's exertional limitations., the Secretary may meet its burden though use of the grids. Cole, 820 F.2d at 771 (citing Damron v. Secretary of Health & Human Servs., 778 F.2d 279, 281-82 (6th Cir.1985)). However,
 
 
 28
 [I]f the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level, nonexertional limitations must be taken into account and a non-guideline determination made.
 
 
 29
 Kirk, 667 F.2d at 528-29; see Kimbrough v. Secretary of Health & Human Servs., 801 F.2d 794, 796 (6th Cir.1986) (quoting Kirk ); Hurt v. Secretary of Health & Human Servs., 816 F.2d 1141, 1141-42 (6th Cir.1987).
 
 
 30
 We must uphold the ALJ's findings if they are supported by substantial evidence. Substantial evidence " 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We conclude that substantial evidence does not support the ALJ's conclusion that Curtis could perform a full range of sedentary activities.
 
 
 31
 This is not a case in which there is a "mere possibility of a nonexertional impairment" or a "minor nonexertional limitation." Kimbrough, 801 F.2d at 796; Cole, 820 F.2d at 772. In the absence of testimony by a vocational expert, a reasonable mind could not accept the ALJ's conclusion that the restrictions listed by the Secretary's own medical advisor do not significantly limit her capacity to perform a full range of sedentary work. Dr. Lewis reported that
 
 
 32
 The claimant's ability to stand, walk and sit are unimpaired. Because of the massive edema of the right arm, her lifting should be done with the left arm and probably should not be above 10 lbs. Motions of the right shoulder and elbow should be limited. However, it appears that fine and gross manipulations of the right hand and left hand are intact. Because of the cervical fusion and persistent pain in the neck, she should not be required to frequently turn her neck from side to side.
 
 
 33
 JA 402 (emphasis added). The limitations placed on moving her neck, right shoulder and elbow appear to place significant limits on Curtis' ability to perform a full range of sedentary work.
 
 
 34
 We conclude that "the use of the grid was inappropriate because the predicate for using the grid, i.e., that [Curtis] could perform a full range of sedentary activities, was missing." Hurt, 816 F.2d at 1143. Additional proceedings are needed to obtain vocational expert testimony as to whether specific sedentary jobs exist in the national economy which Curtis could perform in light of her nonexertional limitations. As we explained in Hurt, "this does not mean that on remand [Curtis] may not be found capable of sedentary work that is available and thus not disabled." Id.
 
 
 35
 REMANDED to the District Court with instructions to remand to the Secretary for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Richard B. McQuade, Jr., United States District Court Judge for the Northern District of Ohio, sitting by designation