25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Bonnie JONES, Claimant-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.
 No. 93-3088.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1994.
 
 Before: KENNEDY, JONES, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant-Appellant Bonnie Jones appeals the district court's affirmance of the Secretary of Health and Human Services' denial of her request for disability benefits. Jones argues that the Secretary's conclusion that she was not disabled and thus not entitled to benefits was not supported by substantial evidence.[1] Contrary to Jones' claim, the Secretary's decision is supported by substantial evidence; accordingly, we AFFIRM.
 
 I.
 
 2
 Claimant Bonnie Jones filed an application for disability benefits on March 16, 1989. Jones maintained that she was disabled and had been unable to work since June 11, 1988, due to lower back pain, arm, neck and shoulder pain, leg pain and swelling, and cardiovascular disease. Jones' application was denied both initially and on reconsideration. Jones requested a hearing, following which the Administrative Law Judge ("ALJ") once again denied Jones' claim in a decision issued on January 22, 1991. On July 18, 1991, this decision became final following the Appeals Council's denial of Jones' request for review.
 
 
 3
 Jones filed a complaint in the district court, alleging that the Secretary had improperly denied her request for benefits. The district court affirmed the Secretary's decision on November 24, 1992.
 
 II.
 
 4
 We apply a deferential standard of review to cases involving the Secretary's denial of a claimant's request for Social Security benefits based upon an ALJ's findings. The conclusions of the Secretary are overturned only if "there is no substantial evidence supporting such conclusions." Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). Substantial evidence is "evidence that a reasonable mind might accept as adequate to support a conclusion." Foster v. Bowen, 853 F.2d 483, 486 (6th Cir.1988) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). Because it is not the job of the reviewing court to resolve questions of evidence or credibility, the decision of the Secretary must be affirmed when it is supported by substantial evidence even if this court, as the trier of fact, would have reached an opposite conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir.1981). Such evidence is present in the instant case.
 
 III.
 
 5
 In cases involving requests for disability assistance, the burden is initially upon the claimant to prove that he or she is in fact disabled. Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir.1984). Once the claimant makes this prima facie showing the burden shifts to the Secretary to show that the claimant has the residual capacity to engage in some form of gainful employment. Richardson v. Secretary of Health and Human Services, 735 F.2d 962, 964 (6th Cir.1984).
 
 
 6
 In the instant case the ALJ determined that Jones had met her burden by showing that she was "unable to perform her past relevant work during the entire period in question." J.A. at 23. However, despite this conclusion, the ALJ found that "the claimant is not under a 'disability' as defined in the Social Security Act, because she has been able to engage in substantial gainful activity since the commencement of the period in question." Id.
 
 
 7
 Jones alleges that the Secretary erred in determining that she did not suffer from disabling pain. This error, Jones asserts is a result of the Secretary's failure to adhere to the guidelines provided in 55 Fed.Reg. 31898 (1990) (previously Social Security Ruling 88-13), which require an ALJ to consider "other information," supplemental to the medical evidence, when determining whether a claimant suffers from disabling pain. Jones argues that four factors would tend to demonstrate the debilitating pain she suffered: 1) her inability to sleep, 2) her use of ambulatory aids, 3) her visits to the emergency room, and 4) her use of pain medications.
 
 
 8
 Social Security ruling 88-13 provides in relevant part:
 
 
 9
 There are situations in which an individual's alleged or reported symptoms, such as pain, suggest the possibility of a greater restriction of the individual's ability to function than can be demonstrated by objective medical evidence alone.
 
 
 10
 In such cases, reasonable conclusions as to any limitations on the individual's ability to do basic work activities can be derived from the consideration of other information in conjunction with medical evidence.
 
 
 11
 55 Fed.Reg. 31898, 31900 (1990). We have determined that the language of this ruling imposes an affirmative duty upon the Secretary to consider evidence other than the medical evidence which might indicate the presence of pain. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1370 (6th Cir.1991) ("[Where] there was a gap between [the claimant's] reported symptoms and the objective evidence, the Secretary was required to consider other information in conjunction with the medical evidence."). However, despite Jones' allegations, the ALJ in the instant case adhered to his obligations under this section.
 
 
 12
 The ALJ found that "the claimant's allegation of disabling pain is not supported by the evidence of record." J.A. at 21. In reaching this conclusion the ALJ considered both the objective medical evidence, and the claimant's testimony. Contrary to Jones' claims the ALJ did evaluate the fact that she allegedly had trouble sleeping, the fact that she was taking pain medication, her visits to the emergency room, and her use of ambulatory aids. In spite of his consideration of these issues, he nevertheless concluded that Jones did not suffer from disabling pain. This conclusion was not erroneous.
 
 
 13
 The ALJ specifically found the claimant's testimony to be incredible. Id. at 22. Accordingly, he was not bound to accept Jones' claim that she had difficulty sleeping as a result of her pain. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 852 (6th Cir.1986) (determinations of credibility made by the ALJ should be given great deference). The ALJ was also free to give little weight to Dr. Quinn's conclusion that Jones was "having trouble staying to sleep; having trouble getting asleep," J.A. at 272, when evidence in the record indicated that Jones was not suffering from debilitating pain which interrupted her rest. See J.A. at 22 ("[T]he claimant testified that she stays in bed approximately seven hours a night (midnight to 7:00 a.m.)").
 
 
 14
 In addition, the ALJ weighed the fact that Jones was taking pain medication. "While the claimant has taken oral prescribed pain medication during the period in question, she has not received pain injections, such as epidural blocks or cortisone injections, which are generally used to treat more severe pain." J.A. at 22.
 
 
 15
 We also reject Jones' contentions regarding her use of ambulatory aids and visits to the emergency room. Jones asserts that the ALJ at one point states that he did not observe ambulatory aids, yet at another point acknowledges that Jones used a cane. This testimony, she maintains, is inconsistent. However, we find that the first statement, when read in context, must be read to refer to a walker or wheel chair. See J.A. at 15. Accordingly, we find there to be no inconsistency. Moreover, we find unconvincing Jones' assertion that, in light of her testimony, the ALJ erroneously concluded that she did not need ambulatory aids. Nothing in the record supports Jones' claim that such aids were necessary. Accordingly, we conclude that the ALJ's determination was not clearly erroneous. We similarly find Jones' assertion regarding her visits to the emergency room to be without merit.
 
 
 16
 In addition, Jones claims that the Secretary's decision was not supported by substantial evidence. However, contrary to the claimant's assertion, there was substantial evidence supporting the Secretary's conclusion that Jones was not disabled. The evidence showed that claimant suffered from a condition that could be controlled when treated with medication. This positive response to treatment is an indication of an absence of disability. See, e.g., Auer v. Secretary of Health and Human Services, 830 F.2d 594, 595 (6th Cir.1987); Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir.1986). In addition, the treating physicians found on two occasions that Jones possessed normal sensory and motor skills, and normal reflexes. Finally, there was no evidence of muscle atrophy, a condition normally attendant to cases of severe pain. Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 856-57 (6th Cir.1990) (minimal clinical findings and absence of significant neurological deficits justify a rejection of allegations of severe pain); Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir.1990) (absence of atrophy a strong indication of absence of pain). This evidence was sufficient to support the Secretary's findings with respect to Jones' disability.
 
 III.
 
 17
 For the foregoing reasons, we AFFIRM the decision of the district court.
 
 
 
 [1]
 We decline to address Jones' challenges to the Secretary's findings regarding her mental health, and to the Secretary's use of the medical-vocational guidelines to determine Jones' ability to do sedentary work. Both of these arguments have been waived for purposes of appeal, as they were not presented to the district court. See Pinney Dock and Trans. Co. v. Penn. Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988)