Roosevelt MORGAN, Jr., Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. 85–CV–74290–DT.

United States District Court, E.D. Michigan, S.D.

June 13, 1986.

Peter L. Bolgar, Southfield, Mich., for plaintiff.

Ellen Christensen, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Secretary of Health and Human Services denying Plaintiff's application for disability insurance and Supplemental Security Income benefits on June 20, 1984, claiming that he had been disabled since September 1983 due to a back problem. His application was denied initially and upon reconsideration. A *de novo* hearing was held before an administrative law judge (ALJ) on March 7, 1985. In a decision dated April 19, 1985, the ALJ denied benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review on July 24, 1985, and the ALJ's decision thereby became the final decision of the Secretary.

This matter is presently before the Court on cross-motions for summary judgment. The matter was referred to Magistrate Carlson for report and recommendation pursuant to the Magistrate's Act, 28 U.S.C. § 636(b). On March 18, 1986, Magistrate Carlson issued his report, in which he recommended that Plaintiff's motion be denied and Defendant's motion be granted. Plaintiff filed timely objections with this Court, requiring the Court to review *de novo* those portions of the report to which Plaintiff objects. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir.1985).

In evaluating Plaintiff's objections, this Court scope of review is limited to determining whether the Secretary's decision is

supported by substantial evidence. 42 U.S.C. § 405(g); *see Gibson v. Secretary of Health & Human Services,* 678 F.2d 653, 654 (6th Cir.1982). The United States Supreme Court has defined substantial evidence as " 'such evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). The Sixth Circuit has also stated that "[s]ubstantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the 'substantiality of evidence must take into account whatever in the record fairly detracts from its weight.' " *Beavers v. Secretary of Health & Human Services,* 577 F.2d 383, 387 (6th Cir.1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951)). Thus, a reviewing court must evaluate the record as a whole and uphold the Secretary's decision if it is supported by substantial evidence, even though the court might have reached a different result were it deciding the case *de novo. See Beavers,* 577 F.2d at 387; *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir.1978); *Myers v. Richardson,* 471 F.2d 1265, 1266–67 (6th Cir.1972).

Although stated in four separately numbered paragraphs, Plaintiff raises essentially one objection: Plaintiff contends that the ALJ erred by finding that Plaintiff could perform a full range of light work despite Plaintiff's claims of vocationally restrictive pain. Although the ALJ recognized that Plaintiff suffers an impairment due in part to pain, the ALJ specifically concluded that Plaintiff's assertions of pain were overstated. The ALJ further found that Plaintiff is capable of performing a full range of light work, which is not affected by any non-exertional limitation. Accordingly, the ALJ relied on the grids, Rule 202.03 of Table 2, to find that Plaintiff is "not disabled" in light of his age, education, work experience and physical exertional capacity.

■ Despite the fact that the record establishes a basis for Plaintiff's complaints of pain, the ALJ is not required to unquestionably accept Plaintiff's subjective complaints as precluding the performance of light work. The ALJ is entitled to great deference when a claimant is allegedly impaired by pain. As the Sixth Circuit noted in *Beavers:*

> Pain is a highly subjective phenomenon, an each person has an individual threshold of pain, beyond which he or she is unable to ignore pain and function normally. Determining in an individual case whether suffering has exceeded that threshold, rendering the individual disabled, is necessarily a personal inquiry, and depends heavily on the credibility of the claimant.

577 F.2d 383, 386 (6th Cir.1978). The ALJ, as trier of fact, will rely on factors which cannot be easily articulated on the record. "The opportunity to observe the demeanor of a witness, evaluating what is said in light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be disregarded lightly." *Id.* at 387. On the other hand, the ALJ is not free to reject a claimant's assertions of pain based solely on his observation of the claimant during the administrative hearing. *Weaver v. Secretary of Health & Human Services,* 722 F.2d 310, 312 (6th Cir.1983).

■ Having fully reviewed the record in this case, the Court concludes that the ALJ's finding that Plaintiff can perform light work despite his assertions of pain is supported by substantial evidence. The Court first notes that neither Plaintiff's examining physician nor the Secretary's physician opined that Plaintiff's condition precluded him from engaging in any substantial gainful activity. Plaintiff's physician, Dr. Dean, stated that Plaintiff's condition is "partially disabling" and that Plaintiff is "totally disabled" from performing his most recent past relevant work as a laborer (Tr. 101). Dr. Maitra, who examined Plaintiff on behalf of the Secretary, stated that Plaintiff suffers from a moderate impairment of function in his lower back but did not indicate the extent to which the impairment would limit Plain-

tiff's physical exertional capacity (Tr. 106). In addition, the ALJ relied on Plaintiff's own testimony in support of his finding that Plaintiff had overstated the extent of his pain. In this regard, the ALJ noted that Plaintiff can sit for at least one hour (Tr. 30), regularly walks two blocks and is capable of walking at least four blocks (Tr. 28–30), and performs routine daily functions without any significant limitations (Tr. 28–30). Based on this evidence, the ALJ could properly conclude that Plaintiff is capable of performing light work despite his assertions of pain.

Although the ALJ did not err by finding that Plaintiff has the physical exertional capacity for performing light work, the Court is nevertheless persuaded that the Secretary's decision must be vacated. Under the grids, a claimant, such as Plaintiff, who is of "advanced" age, with a "limited" education, and whose physical exertional capacity is limited to light work, is "not disabled" *only if* the claimant's past relevant work has imparted skills which are readily transferable to a significant number of skilled and semi-skilled light jobs. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, section 202.00(c); table 2, rules 202.01, .02. In the instant case, the ALJ relied on the testimony of a voactional expert to find that Plaintiff had acquired readily transferable work skills. The vocational expert testified in relevant part:

A: Okay, the employment history of Mr. Morgan included several different jobs, including metal form, press operator, hi-lo driver, shipping and receiving, were all semi-skilled employment. The weight is considered heavy.

Q: All right, are there any transferable skills out of these jobs such as sedentary employment, Mr. Bobrowski?

A: Not sedentary employment.

Q: Okay. Are there any transferable skills; light employment?

A: The job of hi-lo driving transfers to light employment which is a knowledge of how to operate a hi-lo, to coordinate the eyes, hands and feet to control the movement of the vehicle, to move materials about in a safe manner.

Q: All right, how may hi-lo driving jobs exist in the Detroit area, sir?

A: Approximately, 8,000.

Q: And in the state?

A: The state would be approximately 13,000.

Q: Are there any other light jobs that his skills would transfer to?

A: No.

(Tr. 43). The Court concludes that this testimony by the vocational expert does not constitute substantial evidence to support a finding that Plaintiff has acquired readily transferable work skills.

In *Weaver v. Secretary of Health & Human Services*, 722 F.2d 310 (6th Cir. 1983), the Sixth Circuit set forth standards for differentiating between "skills" and "aptitudes":

[T]here is an inherent difference between "aptitudes" and "skills." An "aptitude" is an "inclination, a natural ability, talent, or capacity for learning." A "skill" is a "learned power for doing something competently." Webster's Ninth New Collegiate Dictionary. In short, an aptitude is an innate ability while a skill is a learned ability. Compare 20 C.F.R. 404.-1521(b) with 20 C.F.R. 404.1565 and 404.-1568. While a person may have natural talents including dexterity, general coordination, space relations, etc., that same person may not have the particular learned ability to do a specific job.

*Id.* at 311. *See also Blake v. Secretary of Health & Human Services*, 528 F.Supp. 881 (E.D.Mich.1981). More recently, the Sixth Circuit stated that "transferable skills for purposes of the grid are made equivalent to education. Such skills refer to learned abilities which combine knowledge with coordinated physical movements, such as operating a typewriter or a learned mental discipline, or an area of expertise." *Ellington v. Secretary of Health & Human Services*, 738 F.2d 159, 161 (6th Cir. 1984). Moreover, the Secretary has the burden of establishing that a claimant possess vocationally transferable skills by sub-

stantial and specific evidence. *See Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984); *Stamper v. Harris,* 650 F.2d 108 (6th Cir. 1981).

■ As already noted, the vocational expert identified three "skills" which Plaintiff had acquired as a result of his prior work experience: "knowledge of how to operate a hi-lo," ability "to coordinate the eyes, hands and feet to control the movement of the vehicle," and ability "to move materials about in a safe manner." Clearly, the last two "skills" identified by the vocational expert are in fact aptitudes as defined in *Weaver* and *Ellington.* Although "knowledge of how to operate a hi-lo" is a *skill,* the Court is persuaded that it is not a *transferable* skill under the facts of this case. The vocational expert testified that Plaintiff's knowledge of how to operate a hi-lo is transferable *only* to a job as a hi-lo operator. The ALJ, however, specifically found that Plaintiff is incapable of performing his past relevant work as a hi-lo operator. In light of this finding, the Court can perceive of no logical support for the further finding that Plaintiff possesses a transferable skill. In effect, the ALJ has found that Plaintiff is not disabled because he possesses a single skill which is transferable only to a job which he is incapable of performing. This result is clearly ludicrous.

■ Inasmuch as Plaintiff does not possess any work skills which are transferable to light work that he is capable of performing, Rule 202.02 of the grids directs a finding of "disabled," in light of Plaintiff's age, education and physical exertional capacity. Accordingly, the Secretary's decision will be VACATED; and the matter will be REMANDED to the Secretary for an award of benefits. An appropriate order shall enter.