843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John POLLICE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1609.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1988.
 
 Before LIVELY, Chief Judge, RALPH B. GUY, Jr., Circuit Judge, and AVERN COHN, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of the district court affirming the Secretary's denial of social security disability benefits. The Secretary first denied benefits following a hearing before an administrative law judge, but on appeal the district court remanded the case for further proceedings. Following the second hearing the administrative law judge found the plaintiff disabled because a vocational expert testified that, with his limitations, the plaintiff would be able to perform only 3,600 sedentary jobs existing in Michigan. The administrative law judge held that this was not a "significant number" of jobs. Upon review the Secretary, acting through the Appeals Council, disagreed with the administrative law judge and held that the plaintiff was not disabled and that a significant number of jobs do exist in the region. On appeal, the district court affirmed this finding and denied benefits.
 
 
 2
 In this court the plaintiff argues that the Secretary erred in two respects. First, he contends that the State of Michigan is not the proper "region" in which to determine whether a significant number of jobs exist and that only that portion of Michigan surrounding plaintiff's home should have been considered. He also maintains that even if the entire State of Michigan is the proper region, 3,600 jobs is not a significant number.
 
 
 3
 We believe it is clear that the term "region" is flexible and that the Secretary did not err in considering the number of jobs existing in the entire State of Michigan. The controlling statute provides that a person is under disability only if his impairments render him not only unable to do his previous work but unable to engage in any other kind of substantial gainful work that exists in the national economy. Work in the national economy is defined to mean work which exists "in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. Sec. 423(d)(2)(A). The fact that the statute speaks in terms of work existing in the national economy and does not restrict the Secretary to consideration of work that exists in the immediate area of a claimant's residence gives the Secretary sufficient latitude to treat an entire state as the region to be considered. Concerning the plaintiff's argument that 3,600 jobs are not enough to qualify under the "significant numbers" test of the statute, this court settled the question contrary to the plaintiff's position in Hall v. Bowen, 837 F.2d 272 (6th Cir.1988).
 
 
 4
 With respect to the plaintiff's contention that the Secretary's decision is not supported by substantial evidence because of alleged failure to give a treating physician's opinion sufficient weight, we find that the district court considered the evidence in detail and correctly determined that the Secretary's decision is supported by substantial evidence, particularly the objective medical evidence. We agree with the findings, conclusions and reasoning of the district court as set forth in the opinion of Chief Judge Douglas W. Hillman, filed May 18, 1987.
 
 
 5
 Upon consideration of the briefs and entire record, oral argument having been waived, the court concludes that the Secretary did not err in denying benefits. Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation