47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl WINES, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-4137.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1995.
 
 Before: NORRIS and SUHRHEINRICH, Circuit Judges; MILES, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Earl Wines appeals from the district court order affirming the determination of the Secretary of Health and Human Services that he is not disabled and therefore not entitled to disability insurance benefits. We AFFIRM.
 
 I.
 
 2
 Wines was born on August 21, 1946. He completed the ninth grade in school and has worked as a truck driver and sand blaster. Wines hurt in back in August 1987, while lifting equipment at work. Plaintiff's medical history is well summarized in the administrative law judge's report and district court's opinion and will not be repeated here. Briefly, both the Secretary (in its adoption of the administrative law judge's decision) and the district court agree that plaintiff has chronic obstructive pulmonary disease/chronic bronchitis, lumbosacral strain with spondylosis, lumbar fibromyositis, hypercholesterolemia, alcohol dependence in remission, obesity and borderline intellectual functioning. The Secretary further found, and the district court affirmed, that plaintiff did not have either a listed impairment or the medical equivalent of a listed impairment, that plaintiff was unable to perform his past relevant work, but could perform light work with certain mental limitations, and that there were significant jobs available in the national economy that he could perform. Plaintiff appeals these findings.
 
 II.
 
 3
 This court's review of the Secretary's denial of plaintiff's claim is strictly limited by 42 U.S.C. Sec. 405(g). Where the record as a whole contains substantial evidence to support the Secretary's determinations, the Secretary's decision must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 4
 Plaintiff raises six arguments on appeal. Like the district court, we think only three merit attention. First, plaintiff argues that the Secretary erred in finding that the his impairments do not meet or equal the elements of Listing 1.05(C), which provides:
 
 
 5
 Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 6
 1. Pain, muscle spasm and significant limitation of motion in the spine; and
 
 
 7
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 8
 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 1.05(C) (1994). The ALJ found that the evidence "does not indicate persistent muscle weakness With [sic] normal upper and lower extremity muscle strength being reported during several examinations." Plaintiff points out that the only element of 1.05(C) "not indicated" was "persistent muscle weakness," and that this finding ignores indications of muscle weakness that were reported at least four times: (1) Dr. Pease, Industrial Commission Evaluation ("Manual muscle testing reveals breakaway of the left ankle ....") (Tr. 185); (2) Physical Capacities Evaluation by Dr. Pease (claimant can lift 11-20 lbs "occasionally," claimant can "never" lift same amount); (3) Vocational Evaluation Screening Summary, Camera Industrial Rehabilitation Center ("limited standing tolerance"); (4) Occupational Therapy, Admission Evaluation (hand strength "10%").
 
 
 9
 On the other hand, as pointed out by the district court, Dr. Steinman's of the Ohio Industrial Commissions of Ohio's report indicated that muscle testing was normal, and that "muscle tone and bulk" were also normal. In addition, Dr. Hershner, although he found "significant paravertebral muscle spasm and pain present in the lumbar region of the spine," also stated that he found "no evidence of true muscle atrophy or significant muscular weakness." (Tr. 175.) Dr. Hershner's conclusion regarding absence of atrophy was paralleled in Dr. Pease's report. ("There is no evidence of atrophy of muscles of either lower extremity and the calves measure equally in circumference." See Tr. 185.) The absence of atrophy and equal circumference is consistent with the conclusion that there no muscle weakness is present. Land v. Secretary of Health & Human Servs., 814 F.2d 241, 244-45 (6th Cir. 1986) (per curiam). In sum, although the evidence is not unequivocal, the Secretary had substantial evidence upon which to base his conclusion. See Hale v. Secretary of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1987) (where plaintiff failed to show any vertebrogenic disorder such as significant motor loss with muscle weakness and sensory and reflex loss, magistrate correctly concluded that plaintiff's disability did not come within listing's definition of a disorder of the spine under 1.05(C) (per curiam)). Assuming plaintiff satisfied all the other criteria of Sec. 1.05(C), the absence of evidence to support the existence of muscle weakness is fatal to his claim. See King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984) (per curiam).
 
 
 10
 Plaintiff also challenges the Secretary's adoption of the medical advisor regarding plaintiff's mental limitations rather than the opinions of his treating physicians. Although Dr. Dubbeling diagnosed depressive disorder, somatoform pain disorder, alcohol dependence, and a personality disorder, plaintiff's verbal and performance subtest revealed only slightly below average performance, Dubbeling also found that plaintiff was capable of understanding and following instructions, and was only "mildly to moderately impaired by his depression and characterological deficits ...." (Tr. 246.) Further, despite a belief that it was unlikely that plaintiff would be capable of employment in a meaningful or self-sustaining manner, Dr. Hershner also noted that there was no significant impairment in plaintiff's ability to relate to others, and no memory impairment. (Tr. 176.) Thus, the opinions of plaintiff's physicians alone do not establish a disability, because they simply do not show significant abnormalities stemming from mental problems which meet or equal any of the listings. Nor did the Secretary err in accepting the opinion of the medical advisor, Dr. Serednesky, because it was based upon the medical evidence in the record. Furthermore, as noted by the district court, one of the bases for Serednesky was an incongruity between the intelligence testing and the memory testing, which suggested that plaintiff was faking. (See Tr. 79-84.)
 
 
 11
 Lastly, plaintiff asserts that the Secretary erred by failing to find that there was a significant number of jobs in the regional economy that plaintiff could perform. Although the Secretary relied upon the vocational expert's testimony that plaintiff could perform fifty percent of all light jobs in within the state of Ohio, and did not separately discuss the regional economy, this court has previously found such reliance not to be improper. Pollice v. Secretary of Health & Human Servs., No. 87-1609, 1988 WL 28536, slip op. at 2 (6th Cir. April 1, 1988) (per curiam) ("the term 'region' is flexible and [ ] the Secretary did not err in considering the number of jobs existing in the entire State of Michigan"). Further, the figure offered by the vocational expert clearly constituted a significant number. Cf. Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988).
 
 
 12
 In sum, the judgment of the district court upholding the Secretary's denial of benefits is affirmed for the reasons stated in this opinion.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation