**Kenneth A. MERICLE**

v.

**SECRETARY OF HHS.**

**No. 9:90–CV–110.**

United States District Court,
E.D. Texas,
Lufkin Division.

July 5, 1995.

Kenneth Mericle, pro se.

Steven M. Mason, Asst. U.S. Atty., Tyler, TX, for defendant.

*MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S RE-PORT AND RECOMMENDATION*

HANNAH, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Secretary of Health and

Human Services denying plaintiff's claim for social security benefits.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

### REPORT AND RECOMMENDATION

HINES, United States Magistrate Judge.

The plaintiff, Kenneth A. Mericle, seeks judicial review of the final decision of the Secretary of Health and Human Services, pursuant to 42 U.S.C. § 405(g). The Secretary previously denied plaintiff's claim for disability and supplemental social security insurance benefits. *See* 42 U.S.C. § 1382(B). An Administrative Law Judge ("ALJ") found plaintiff unable to meet the requisite degree of disability required by 20 C.F.R. §§ 404.1569, 416.969, and Part 404 Rule 202.18, Table No. 2, of Appendix 2, Subpart P, Regulation No. 4. The Appeals Council found no basis to reverse the ALJ's findings. Plaintiff then proceeded with this civil action against the Secretary.

This action was referred to a United States Magistrate Judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclu-sions of law, and recommendations for disposition of the case.

For purposes of this review, plaintiff filed his original application for disability benefits on March 26, 1986. (Tr. 102–115). The application alleged plaintiff was unable to work since July 1, 1983 due to blackouts, seizures, and back problems. (Tr. 102). His case was remanded by the Appeals Council on December 1, 1988, because the ALJ had failed to provide the testimony of a vocational expert. A supplemental hearing was held and plaintiff again was denied benefits. The decision of the ALJ became the final decision of the Secretary when the Appeals Council denied plaintiff review.

In finding plaintiff not disabled, the ALJ determined that plaintiff had severe exertional and nonexertional limitations, including severe low back pain, organic brain dysfunction, seizure disorder, post-traumatic stress disorder, and generalized anxiety disorder. (Tr. 15). However, the ALJ found that despite these limitations, plaintiff could perform a full range of unskilled sedentary work,[1] with added limitations against work requiring "prolonged standing and walking, lifting and carrying more than 10 pounds, working at heights, driving vehicles, operating hazardous machinery or equipment, performing tasks requiring significant judgment or sustained concentration and work tasks that are complex." (Tr. 16). William F. Weber, Ed. D., a vocational expert, attended plaintiff's supplemental hearing and later issued a written report stating plaintiff would be capable of performing the following unskilled sedentary positions: Cashier II, Call-Out Operator, Final Assembler.

### I. Standard of Review

A federal court may review the Secretary's denial of disability benefits only to determine whether substantial evidence in the record supports the decision and whether the Secretary used proper legal standards in evaluat-

---

1. (a) Sedentary work.
   Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
   20 C.F.R. §§ 404.1567 and 416.967.

ing the evidence. *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir.1990). Substantial evidence consists of more than a scintilla but less than a preponderance of relevant evidence. *Richardson v. Perales,* 402 U.S. 389, 409, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971). Substantial evidence exists when a reasonable mind might accept the evidence as adequate to support a conclusion. *Villa,* 895 F.2d at 1021–22 (citing *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir.1983)).

Federal courts may not reweigh or review the evidence *de novo.* *Pierre v. Sullivan,* 884 F.2d 799, 802 (5th Cir.1989). Therefore, a finding that no substantial evidence exists is proper only if no credible evidentiary choices or medical findings support the Secretary's decision. *Johnson v. Bowen,* 864 F.2d 340, 343–344 (5th Cir.1988).

For purposes of Title II of the Social Security Act, a claimant is deemed "disabled" if he is unable to engage in any substantial gainful activity for twelve consecutive months due to a medically determinable impairment.[2] 42 U.S.C. § 423(d)(2)(A). The claimant must demonstrate his physical or mental impairment through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). These impairments must be so severe that the claimant

> ... is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The Secretary uses a five-step analysis to determine whether an applicant is able to perform "substantial gainful activity." *Villa* 895 F.2d at 1022; 20 C.F.R. §§ 404.1520, 416.920 (1994).

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing work done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*See also Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir.1991) (paraphrasing 20 C.F.R. §§ 404.1520(b)–(f), 416.920(b)–(f) (1988)).

The claimant has the burden of proving his disability with respect to the first four steps of the above analysis. *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987). The burden shifts to the Secretary on step five to show that the claimant can perform other work in the national economy. *Id.* If the Secretary finds the claimant disabled or not disabled at any point in the analysis, the finding is conclusive and the five-step review ends. *Wren,* 925 F.2d at 125–26 (citing *Lovelace v. Bowen,* 813 F.2d 55, 58 (5th Cir.1987)); *Villa,* 895 F.2d at 1022 (citing *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir.1988)).

## II. Analysis

Because the ALJ found plaintiff had satisfied his burden of showing severe exertional and nonexertional limitations on his ability to work, the burden shifted to the Secretary to show work exists in significant numbers within the national economy for plaintiff to perform, meaning significant numbers exist in the region where the individual lives or in several regions within the country. 42

---

**2.** 42 U.S.C. § 423(d)(1)(A) defines disability as the:

> inability to engage in any substantial gainful activity by reason of any medically determin-

able physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

U.S.C. § 423(d)(2)(A). "Isolated jobs that exist only in very limited numbers in relatively few locations outside the region where [the claimant] live[s] are not considered 'work which exists in the national economy.'" 20 C.F.R. § 404.1566(b). The Secretary found plaintiff was not disabled under step five of the sequential evaluation because he could perform sedentary labor, with significant limitations.

In her evaluation, the Secretary may apply the medical vocational guidelines in 20 C.F.R. section 404, subpt. P, App. 2. The Secretary also is permitted to take notice of certain unskilled, sedentary, light, and medium jobs from the Dictionary of Occupational Titles when it is determined that such jobs exist in the national economy. 20 C.F.R. § 404.1566(d).

■ If the Secretary finds the claimant not disabled under step five, the burden shifted back to the plaintiff to prove that he is unable to perform the stated work described by the Secretary as alternative employment. *Selders,* 914 F.2d at 618. The judicial function is merely to review the denial and determine whether substantial evidence exists in the record as a whole to support the Secretary's factual finding. *Anthony v. Sullivan,* 954 F.2d 289, 295 (5th Cir.1992). If these findings are supported by substantial evidence, "they are conclusive and must be affirmed." *Id.; see also* 42 U.S.C. § 405(g).

■ Plaintiff, who appears without counsel, contends the Secretary's decision is not supported by substantial evidence.

There is substantial evidence in the record to support the finding that plaintiff possesses both severe exertional and nonexertional limitations on his ability to work. However, the ALJ erred in finding plaintiff capable of performing jobs which exist in significant numbers in the national economy. First, the vocational expert misclassified "Cashier II (211.462–010)" as unskilled sedentary labor.[3] *See* Tr. 371; Employment and Training Administration, U.S. Dep't of Labor, Dictionary of Occupational Titles (4th ed. 1991).[4] According to the Dictionary of Occupational Titles, Fourth Edition, "Cashier II" is light work. *See also Curtis v. Sullivan,* 808 F.Supp. 917 (D.N.H.1992) (vocational expert erroneously categorized cashier II as sedentary labor). The ALJ found plaintiff is incapable of light work. Therefore, plaintiff is incapable of performing the duties of Cashier II.

Eliminating the Cashier II positions, the only employment plaintiff could perform, according to the expert and adopted by the ALJ, are as a "call-out operator (237.367–014)" and a "final assembler (713.687–018)." The expert estimated there are six hundred call-out operators employed in the State of Texas. There are two hundred and seventy final assemblers employed in the State of Texas.

Regulations clarify that "existing in the national economy," as interpreted by the Secretary, does not encompass the entire United States:

> We consider that work exists ... in significant numbers when it exists in significant numbers either in the region where you live or in several other regions of the country ... Isolated jobs that exist in only very limited numbers in very few locations outside the region where you live are not considered "work which exists in the national economy."

20 C.F.R. § 404.1566.

Consequently, the plaintiff's region determines the expanse of the "national economy"

---

**3.** Most likely, the vocational expert was utilizing the Third Edition of the Dictionary, published in 1965, as opposed to the Fourth Edition, published in 1977. "The difference between the Third and Fourth Editions are substantial. The Fourth Edition requires a much higher level of mathematical and verbal skills for most jobs at issue than did the Third Edition." *Townley v. Heckler,* 748 F.2d 109, 112 (2d Cir.1984). However, "[w]hen the Secretary purports to rely on information contained in the DOT to establish the existence or absence of jobs that can be performed by a claimant, it stands to reason that the

current edition of the DOT should be used." *English v. Shalala,* 10 F.3d 1080, 1085 (4th Cir. 1993).

**4.** Although the Dictionary's fourth edition was revised in 1991, after the ALJ's decision in the case *sub judice,* the original fourth edition was published in 1977. Case law also indicates "Cashier II" has been a light work position as defined by the Dictionary since at least 1984. *See Townley,* 748 F.2d at 112.

for purposes of significant numbers. In the record before the undersigned, the vocational expert's report framed "region" in terms of the State of Texas and the Dallas and Houston urban areas. (Tr. 371–72).

The Fifth Circuit has offered no test or "magic number" for determining a "significant number." *Denais v. Secretary of Health & Human Servs.*, 820 F.Supp. 278, 282 (W.D.La.1993). However, the Sixth Circuit has indicated a judge should consider, when determining "a significant number," the level of the claimant's disability, the reliability of the vocational expert's testimony, the reliability of the claimant's testimony, the distance the claimant is capable of traveling to engage in assigned work, and the isolated nature of the offered positions. *Hall v. Bowen*, 837 F.2d 272 (6th Cir.1988). The Eighth Circuit stated such a determination "should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir.1988) (citing *Hall*, 837 F.2d 272).

Consideration of these factors yields the conclusion that eight hundred and seventy jobs in the entire State of Texas, now the second most populous state in the country, is not a "significant number." While the claimant's testimony is marred by his psychological deficiencies, *see* Tr. 308 (consultive psychological examiner concluding plaintiff prone to exaggerate symptoms for secondary gain), neither is the vocational expert's testimony wholly reliable. Additionally, plaintiff is incapable of traveling far distances to obtain these offered positions, as he relies on his parents for his care, both physical and mental. *See also Waters v. Secretary*, 827 F.Supp. 446, 449 (W.D.Mich.1992) (existence of 1000 semi-skilled sedentary jobs within Michigan does not amount to significant number); *Leonard v. Heckler*, 582 F.Supp. 389 (M.D.Pa.1983) (4000 to 5000 nationwide jobs in environmentally controlled workplaces is not a significant number); *Walker v. Shalala*, No. H–93–2507, 1994 WL 171209, at *2 (S.D.Tex. Jan. 6, 1994) (1800 surveillance systems monitors employed in Texas is not a significant number as a percentage of the work force).

In this case, the Secretary properly considered the evidence and correctly categorized plaintiff's work capabilities. If the vocational expert correctly had categorized Cashier II as a light work position, there is little doubt the ALJ would have concluded there were insufficient numbers to warrant finding plaintiff not disabled. This case has been pending at the administrative and judicial levels for over eight years. Therefore, remand would be both unconscionable and fruitless. *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir.1992).

### III. Recommendation

The decision of the Secretary should be reversed and the plaintiff awarded appropriate benefits consistent with his onset date.

### IV. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–277 (5th Cir.1988).